IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRISTOPHER RUSSELL #01394-120,    )
                                   )
    Plaintiff,                   )
                                   )
v.                                 )    Case No. 3:20-cv-1060-WHA-SMD
                                   )              [WO]
JAY JONES and                      )
LEE COUNTY DETENTION CENTER        )
MEDICAL DEPARTMENT AND STAFF,      )
                                   )
    Defendants.                  )

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action while incarcerated at the Lee County Detention Center in Opelika, Alabama. On December 29, 2020, the Court directed Plaintiff to submit—on or before January 13, 2021—an appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* or pay the requisite filing and administrative fees. Doc. 6. The Order cautioned Plaintiff his failure to comply with the December 29 Order would result in a Recommendation this case be dismissed. *Id*. at 2. On February 3, 2021, the Court granted Plaintiff an extension to February 17, 2021, to comply with the December 29 Order regarding filing either the $402.00 filing and administrative fees or an affidavit in support of a motion for leave to proceed *in forma pauperis* and cautioned him that his failure to comply with the Order would result in a Recommendation this case be dismissed. *Id*. at 2. To date, Plaintiff has not submitted the filing and administrative fees, filed a request to proceed *in forma pauperis,* or otherwise complied with the Court's December 29, 2020, and February 3, 2021, Orders.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the Court finds Plaintiff has willfully failed to comply with the directives of the Court's December 29, 2020, and February 3, 2021, Orders. And considering Plaintiff's disregard for this Court's Orders, the Court further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice. It is further ORDERED that the parties shall file any objections to this recommendation on or before **May 18, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning*

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206

(11th Cir. 1981) (en banc).

DONE this 4th day of May, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE